## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLUE RIVER PETCARE, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> HEARTSTRINGS PET HOSPICE & IN-HOME EUTHANASIA, LLC, <br><br> Defendant. | Civil Action No. <br><br> **JURY DEMAND** |

## COMPLAINT

Plaintiff Blue River Petcare, L.L.C., ("**Blue River**"), by and through its undersigned attorneys, for its Complaint against Heartstrings Pet Hospice & In-Home Euthanasia, LLC ("**Defendant**"), states and alleges as follows:

## NATURE OF THE CASE

1.      This is a civil action against Defendant for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and violation of the Digital Millennium Copyright Act (hereinafter, the "**DMCA**"), 17 U.S.C. § 1202.

## THE PARTIES

2.      Blue River is a Delaware limited liability company, with its principal place of business at 1 S. Wacker Dr., Suite 2200, Chicago, Illinois 60606.

3.      On information and belief, Defendant is a Delaware limited liability company, with its principal place of business at 3475 Piedmont Road NE, Suite 1640, Atlanta, Georgia 30305. Defendant may be served with process through its registered agent, Cogency Global, Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.

28624264 v4

## **JURISDICTION & VENUE**

4.      This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.* This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

5.      Defendant is subject to the personal jurisdiction of this Court because it: (1) is a Delaware limited liability company; (2) transacts business within the State of Delaware; (3) contracts to supply goods or services in the State of Delaware; (4) maintains a registered agent in the State of Delaware; and (5) has committed the tortious acts specified herein within the State of Delaware.

6.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(a) because Defendant is a Delaware limited liability company, conducts business in the State of Delaware and this District, maintains a registered agent in the State of Delaware, and a substantial part of the events that give rise to this Complaint occurred in the State of Delaware and this Judicial District.

## **FACTS**

**A.      Blue River and its Quality of Life Assessment**

7.      Blue River is a veterinary acquisition and management company that operates a nationwide network of veterinary practices throughout the United States. Blue River acquires and affiliates with independently owned veterinary practices and provides centralized operational, administrative, and professional resources for veterinary practices to better continue serving their local communities.

8.      In or around 2022, Blue River employees created a work titled Quality of Life Assessment (the "***Copyrighted Work***") as part of and within the scope of their employment with Blue River. The Copyrighted Work consists of a scoring assessment in which the individual

responses to questions in categories of a pet's **m**obility, **n**ighttime, **p**ain, **e**nergy, **t**ime, and **s**elf ("MNpets") are totaled and evaluated against predefined ranges, each corresponding to a recommended course of action regarding a pet's end of life decision. A true and correct copy of the Copyrighted Work is attached hereto as **Exhibit A**.

9.      Because the Copyrighted Work is a work made for hire within the scope of the employees' employment with Blue River, Blue River owns any and all copyright rights in the Copyrighted Work.

10.     On or around December 12, 2025, Blue River applied for a registration of the Copyrighted Work, identifying the date of first publication as October 7, 2022. The Copyright Office issued the registration certificate on or around December 12, 2025, under Registration Number TX 9-546-532. A true and correct copy of the Certificate of Registration for Reg. No. TX 9-546-532 is attached hereto as **Exhibit B**.

**B.      Defendant's Infringing Conduct**

11.     On information and belief, Defendant is a nationwide network of veterinary practices that provide pet hospice, in-home euthanasia, and aftercare services.

12.     In or around November 2025, Blue River discovered Defendant published a virtually identical of the Copyrighted Work (the "***Defendant's Infringing Assessment***") on its website at <https://heartstringspethospice.com/daily-quality-of-life-assessment-tool/>. A true and correct screenshot of Defendant's website is attached hereto as **Exhibit C**.

13.     For example, Defendant's Infringing Assessment *verbatim* copies the categories of **m**obility, **n**ighttime, **p**ain, **e**nergy, **t**ime, and **s**elf that were specifically chosen by the Blue River employees to spell out MN Pets, as well as the specific wording and scoring system of the Copyrighted Work. Furthermore, Defendant's Infringing Assessment *verbatim* copies the layout

and design of the Copyrighted Work. A true and correct copy of Defendant's Infringing Assessment is attached hereto as **Exhibit D**.

14.     Defendant's use, publication, public display, distribution, creation of derivative works of, or other exploitation of the Copyrighted Work is without Blue River's authorization, consent, or knowledge, and without any compensation to Blue River.

**C.      Defendant Provides and Distributes False Copyright Management Information**

15.     On information and belief, Defendant knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of the Copyrighted Work, provides and distributes false copyright management information ("**CMI**").

16.     Defendant's Infringing Assessment, and even Defendant's webpage containing Defendant's Infringing Assessment, contain several forms of false CMI, as defined in 17 U.S.C. § 1202(c), including, but not limited to:

   a.     "The title and other information identifying the work…" § 1202(c)(1), in the form of Defendant's name as other information identifying the work;

   b.     "The name of, and other identifying information about, the author of the work…" § 1202(c)(2), in the form of Defendant's name as the author of the work;

   c.     "The name of, and other identifying information about, the copyright owner of the work…" § 1202(c)(3), in the form of Defendant's name as the copyright owner of the work; and

   d.     "Identifying numbers or symbols referring to such information…" § 1202(c)(7), in the form of Defendant's logo as a symbol referring to (1) other information identifying the work; (2) the name of the author of the work; and (3) the copyright owner of the work.

4

17.     This CMI is conveyed in connection with Defendant's Infringing Assessment as it appears directly within Defendant's Infringing Assessment and is used on Defendant's website in connection with Defendant's Infringing Assessment.

**D.     Defendant Disregards Blue River's Rights**

18.     On information and belief, Defendant's nearly identical copying and exploitation of the Copyrighted Work was willful, and in disregard of, and with indifference to, the rights of Blue River. On further information and belief, Defendant's intentional, infringing conduct was undertaken to reap the creative benefit and value associated with the Copyrighted Work.

19.     By failing to obtain Blue River's authorization to use, publish, publicly display, distribute, create derivative works of, or otherwise exploit the Copyrighted Work or to compensate Blue River, Defendant has avoided payment of license fees and other financial costs associated with obtaining permission to use, publish, publicly display, distribute, create derivative works of, or otherwise exploit the Copyrighted Work, as well as the restrictions that Blue River is entitled to and would place on any such exploitation as conditions for Blue River permission, including the right to deny permission altogether.

20.     On December 23, 2025, Blue River's counsel sent a cease-and-desist letter to Defendant objecting to Defendant's unauthorized use, publication, public display, distribution, creation of derivative works of, or other exploitation of the Copyrighted Work. A true and correct copy of the December 23, 2025, cease-and-desist letter is attached hereto as **Exhibit E**.

21.     On January 12, 2026, after Defendant did not respond to the December 23, 2025, cease-and-desist letter, Blue River's counsel sent a follow-up email to Defendant as a second notice. A true and correct copy of the January 12, 2026, email is attached hereto as **Exhibit F**.

22.     On January 21, 2026, after continued silence from Defendant, Blue River's counsel again sent a cease-and-desist letter to Defendant objecting to Defendant's unauthorized use,

5

publication, public display, distribution, creation of derivative works of, or other exploitation of the Copyrighted Work. A true and correct copy of the January 21, 2026, cease-and-desist letter is attached hereto as **Exhibit G**.

23. On April 29, 2026, Blue River's counsel sent a final cease-and-desist letter to Defendant. A true and correct copy of the April 29, 2026, cease-and-desist letter is attached hereto as **Exhibit H**.

24. As a result of Defendant's actions described above, Blue River has been directly damaged and is continuing to be damaged, by the unauthorized use, publication, public display, distribution, creation of derivative works of, or other exploitation of the Copyrighted Work. Defendant has never accounted to or otherwise paid Blue River for its use, publication, public display, distribution, creation of derivative works of, or other exploitation of the Copyrighted Work.

**COUNT I**
**Federal Copyright Infringement**
**(17 U.S.C. § 501)**

25. Blue River incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

26. The Copyrighted Work is an original textual work containing copyrighted subject matter for which copyright protection exists under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* Blue River is the exclusive owner of any and all copyright rights in and to the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work, Registration Number TX 9-546-532.

27. Blue River never authorized Defendant, or anyone working for or on Defendant's behalf, to use, publish, publicly display, distribute, create derivative works of, or otherwise exploit the Copyrighted Work in any manner.

6

28.     Through Defendant's conduct alleged herein, including Defendant's unauthorized use, publication, public display, distribution, creation of derivative works of, or other exploitation of the Copyrighted Work, Defendant has directly infringed on Blue River's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

29.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Blue River's rights in the Copyrighted Work, and has enabled Defendant to illegally obtain profit therefrom.

30.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Blue River has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Blue River is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

31.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Blue River has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

32.     On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Work. Blue River therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

### COUNT II
**Provision and Distribution of False Copyright Management Information**
**(17 U.S.C. § 1202(a))**

33.     Blue River incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

34.    Defendant has knowingly and intentionally provided and distributed false CMI in connection with the use, publication, public display, distribution, creation of derivative works of, or other exploitation of the Copyrighted Work, including distributing Defendant's Infringing Assessment to its potential customers on its website.

35.    For example, the false CMI incorrectly identifies Defendant as the copyright interest holder in Defendant's Infringing Assessment.

36.    Defendant's provision and distribution of false CMI in connection with the use, publication, public display, distribution, creation of derivative works of, or other exploitation of the Copyrighted Work is intended to induce, enable, facilitate, or conceal infringement of Blue River's exclusive copyright rights.

37.    On information and belief, Defendant's conduct alleged herein was and continues to be willful and deliberate violations of the DMCA, 17 U.S.C. § 1202(a).

38.    As a direct and proximate result of Defendant's violation of the DMCA, Blue River has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 1203(c)(2) Blue River is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

39.    Alternatively, and at Blue River's sole discretion exercised any time prior to entry of final judgment, Blue River is entitled to recover statutory damages in an amount between $2,500 and $25,000 per violation of the DMCA, pursuant to 17 U.S.C. § 1203(c)(3)(B).

40.    Blue River is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

41.     As a direct and proximate result of Defendant's conduct alleged herein, Blue River has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

42.     On information and belief, unless Defendant's conduct is enjoined by this Court, Defendant will continue to knowingly and intentionally provide and distribute false CMI. Blue River therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Blue River respectfully demands judgment finding that Defendant is infringing its copyright rights and violating the DMCA, and that Defendant's actions are deliberate, intentional and willful violations of Blue River's copyright rights and the DMCA, and ordering:

A.     Defendant, and all of its agents, servants, employees, representatives, successors, and assigns, and all persons or entities in act of concert or participation with it, be permanently restrained and enjoined from:

(i)     using, publishing, publicly displaying, distributing, creating derivative works of, or otherwise exploiting the Copyrighted Work, or to participate or assist in any such activity;

(ii)    directly or indirectly providing or distributing any false CMI in connection with the Copyrighted Work; and

(iii)   all other unlawful or infringing conduct alleged herein.

B.     An accounting of all revenues earned by Defendant as a result of its unauthorized use, publication, public display, distribution, creation of derivative works of, or other exploitation of the Copyrighted Work;

9

C.    An award of Blue River's actual damages and disgorgement of the non-duplicative gains, profits, property and advantages obtained or derived by Defendant and its agents attributable to the acts of copyright infringement;

D.    An award of Blue River's actual damages and disgorgement of all non-duplicative gains, profits, property and advantages obtained or derived by Defendant from its acts of violations of the Digital Millennium Copyright Act or, in lieu thereof, should Blue River so elect, statutory damages in an amount the Court shall deem proper between a minimum of $2,500 and a maximum of $25,000 for each violation of the DMCA, pursuant to 17 U.S.C. § 1203(c)(3)(B);

E.    An award of Blue River's costs and disbursements incurred in this action, including its reasonable attorneys' fees, in accordance with 17 U.S.C. § 1203(b)(4) and (5);

F.    An award of interest, including pre-judgment interest, on the foregoing sums; and

G.    An award of such other and further relief as the Court may deem equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Blue River hereby demands a trial by jury on all issues so triable in this action.

Dated: June 3, 2026                                    Respectfully submitted,

**BENESCH FRIEDLANDER**
**COPLAN & ARONOFF LLP**

By:    */s/ Kristen Healey Cramer*
Kristen Healey Cramer (#4512)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
kcramer@beneschlaw.com

10

OF COUNSEL:
Mark E. Avsec (*pro hac vice forthcoming*)
mavsec@beneschlaw.com
Megan C. Parker (*pro hac vice forthcoming*)
mparker@beneschlaw.com
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: (216) 363-4671
Facsimile: (216) 363-4588

*Attorneys for Plaintiff*
*Blue River Petcare, L.L.C.*

11